THE TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF HUDSON, PROSECUTOR, v. THE STATE BOARD OF TAXES AND ASSESSMENT AND THE LUCKENBACH TERMINALS, INCORPORATED, DEFENDANTS.

Submitted December 3, 1923—Decided March 25, 1924.

Taxation—Power of State Board to Review Assessments, to Correct Errors and to Enter Judgment—Act of 1905, c. 67, sec. 5, Not Inconsistent With L. 1918, c. 236.

On writs of *certiorari,* &c.

Before Justices Trenchard, Parker and Campbell.

For the prosecutor, *J. Emil Walscheid.*

For Luckenbach Terminals, Inc., *Gaede & Gaede.*

Per Curiam.

These two writs of *certiorari* (argued together) were allowed, the one to review a judgment by the state board of taxes and assessment, reducing an assessment for the year 1921 for the purposes of taxation by the township of North Bergen against property of the Luckenbach Terminals, Inc.; the other to review a judgment of the same board, reducing an assessment for the year 1922 for like purposes by the same township against property of the same corporation.

The returns show that both judgments were entered while there was pending in both cases a petition of appeal, from the judgment of the county board of taxation, averring that the assessment was in excess of true value and praying that it be reduced to a stated value averred to be true value. The returns further show that both judgments now under review were rendered by the state board in exact accordance with stipulations in writing, entered into by the assessor of the township of North Bergen, the Hudson county board of taxation and the Luckenbach Terminals, Inc., stipulating

that such assessment be reduced to a stated amount agreed to be the true value of the property.

The prosecutor's argument in favor of setting aside such judgments is all based upon this reason, that "the state board had no power to make the judgments."

We have considered the various arguments addressed to us under this head and conclude that the board had power to render such judgments and that they should not be disturbed.

Section 5 of chapter 67 of *Pamph. L.* 1905 (*p.* 126) provides that when complaint shall be made to the board the board shall have the power to review and correct the action of the local assessors or other taxing officers and of all boards on tax review, by reducing or increasing such assessment, and the corrected tax shall bear interest from the time fixed by the law under which such tax was originally levied until paid; "provided, however, said board shall have power at any time, on application of the property owner or owners, with the consent of the mayor or assessor of the municipality affected, to correct assessor's errors, mistakes or omissions in the assessment of any persons or corporations."

That section by its express terms confers upon the board, upon such consent, power to correct the assessor's errors or mistakes, and we think that it comprehends the correction of errors in respect to value with the consent of the assessor of the township. In the instant case not only was the consent of the assessor given, but there was also given the consent of the county tax board, the latter apparently in pursuance of the rule and practice of the board in such cases.

The prosecutor argues that the state board had no power to render such judgment without "hearing evidence" upon the question of the reduced valuation. The answer is that the statute authorizes judgment upon consent.

The prosecutor further argues that section 5 of chapter 67 of the laws of 1905 has been repealed by chapter 236 of the laws of 1918, which by its terms repeals inconsistent provisions. The answer is that section 5 is not an inconsistent provision.

It is further argued that there was no notice to the township and therefore the board was without power. The answer to this is twofold; first, it does not satisfactorily appear that there was no notice, and secondly, the statute does not require notice in a case such as this, which proceeds upon the consent of the assessor.

The judgments brought up will be affirmed, with costs.